# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRECKENRIDGE O'FALLON, INC., BRECKENRIDGE JEFFERSON COUNTY, INC., OZARK BUILDING MATERIALS, L.L.C., and BRECKENRIDGE OF ILLINOIS, L.L.C., ) ) ) ) ) ) | |
| Plaintiffs, ) | |
| v. ) | No. 4:21-CV-00621-NCC |
| ) | |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL UNION NO. 682, ) ) ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant International Brotherhood of Teamsters Local Union No. 682's (the "Union") Motion to Dismiss or in the Alternative Stay Plaintiffs' Complaint (Doc. 17). Plaintiffs Breckenridge O'Fallon, Inc., Breckenridge Jefferson County, Inc., Ozark Building Materials, L.L.C., and Breckenridge of Illinois, L.L.C. ("Plaintiffs") filed a response (Doc. 21). The Union did not file a reply and the time to do so has elapsed. *See* E.D. Mo. L.R. 4.01. Thus, the motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 23). For the following reasons, the Union's Motion will be **GRANTED** and this matter will be **STAYED** pending resolution of the charges before the National Labor Relations Board.

## I. Background[1]

On April 26, 2021, Breckenridge Material Company, an organization that is not a party to the current action, filed an unfair labor practice charge (the "Charge"), case number 14-CB-276126, with the National Labor Relations Board (the "NLRB") alleging Defendant International Brotherhood of Teamsters Local Union No. 682 (the "Union") violated provisions of the National Labor Relations Act of 1935 (the "Act") when it refused to bargain in good faith with Breckenridge Material Company. Specifically, Breckenridge Material Company claims the Union said "take it or leave it" with respect to its only proposal to Breckenridge Material Company.

On May 7, 2021, Breckenridge Material Company filed 14-CC-276803 with the NLRB (the "Priority Charge"), a priority charge alleging the Union violated provisions of the Act by engaging in picketing at job-sites where the primary employer, Breckenridge Material Company, with whom it has its dispute was not present, thereby unlawfully enmeshing secondary employers, Plaintiffs Breckenridge O'Fallon and Breckenridge Jefferson County, in its primary dispute with the object of forcing or requiring employers to cease using, selling, handling, transporting or otherwise dealing with the products of these Plaintiffs. The parties indicate that both the Charge and the Priority Charge remain pending and have been submitted for a determination on the merits. Indeed, upon independent review of the publicly available docket,

---

[1] The facts regarding the pending NLRB charges are taken from the parties' briefing as neither party provided copies to the Court for review and the publicly available data is limited. To the extent the accounts differ, the Court has construed the facts in favor of Plaintiffs as the non-moving parties. *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir. 2005).

the cases remain open.[2]  The Union states, more specifically, that the charges were investigated by a field attorney with Region 14 and submitted to the Acting Regional Director.  The Acting Regional Director then submitted, on May 12, 2021, "pertinent questions" to the NLRB's Division of Advice (Doc. 17 at ¶4).  Plaintiffs do not dispute this account of the procedural status of the charges.

On May 28, 2021, Plaintiffs Breckenridge O'Fallon, Inc., Breckenridge Jefferson County, Inc., Ozark Building Materials, L.L.C., and Breckenridge of Illinois, L.L.C. filed the current Complaint alleging the Union violated their rights under the Labor Management Relations Act (the "LMRA").  Specifically, Plaintiffs assert that after the Union and Breckenridge Material Company were unable to agree to the terms of a new collective bargaining agreement ("CBA"), the Union engaged in unlawful secondary picketing against the Plaintiffs in violation of the LMRA and in breach of the no-strike provisions in the CBAs the Union currently has with three of the four Plaintiffs (Doc. 1).

The Union now moves to dismiss or, alternatively stay, the case under the doctrine of primary jurisdiction arguing that the allegations in Plaintiffs' Complaint are identical to the charges pending before the NLRB (Doc. 17).  The Union asserts that both charges pending before the NLRB raise novel issues requiring the unique expertise of the agency.  Specifically, the Charge raises the question whether the practice of pattern bargaining would be considered

---

[2] As previously noted, the information on the publicly available docket it limited.  However, the public docket for both cases indicate that they are in a form of "open" status.  *See* https://www.nlrb.gov/case/14-CB-276126 (last visited Sept. 21, 2021); https://www.nlrb.gov/case/14-CC-276803 (last visited Sept. 21, 2021).  A court may take judicial notice of agency action.  *Cunningham v. Apfel*, 222 F.3d 496, 500 n.4 (8th Cir. 2000).  *See also Stahl v. U.S. Dep't of Agric.,* 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss").

3

bad faith bargaining.  Pattern bargaining is the process where a union enters into a pattern agreement with parties within a given industry and demand any other entity wishing to do the same business within a specific jurisdiction of the union must accept the terms and conditions of the pattern agreement.  The Union argues that "[t]his question of bad-faith bargaining is one that will have far reaching ramifications across the building trades within the United States" (Doc. 18 at 10).  The Union similarly asserts that the Priority Charge involves the unique issue of whether Breckenridge Material Company and the Plaintiffs are allies and/or single employers within the meaning of the NLRA.  The Union argues that if Breckenridge Material Company and the Plaintiffs are considered allies and/or single employers, then Plaintiffs Breckenridge O'Fallon and Breckenridge Jefferson County would have forfeited their neutrality and the Union would not be in violation of the non-strike provisions of their valid CBAs (*Id.* at 11).  Essentially, the Union argues that resolution of these underlying novel issues before the NLRB would resolve the current litigation.

      Plaintiffs, focusing on the Court's subject matter jurisdiction and the exclusive jurisdiction afforded the NLRB under Section 9(b) of the National Labor Relations Act, 29 U.S.C. § 159(b), respond that they are not required to first submit their claims to the NLRB as the LMRA expressly permits Plaintiffs to bring their claims in this district court.  Further, Plaintiffs argue, the legislative history of the LMRA establishes that a determination by this Court is appropriate and that the primary jurisdiction doctrine does not apply.  Finally, Plaintiff assert, the issues before this Court are not also before the NLRB and any purported threats to administrative discretion and uniformity of rulings do not exist (Doc. 21).

### III. Analysis

As a preliminary matter, the Union states that it brings this motion pursuant to Federal Rule of Civil Procedure 12 without otherwise clarifying under which, if any, specific provision of Rule 12 it intends to proceed. Plaintiffs thus construe the Union's statement and subsequent argument regarding the allies/single-employer issue as though the Union has raised the motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction (*See* Doc. 21 at 2-3). Adding to this confusion is the courts' occasional conflation of an agency's "primary jurisdiction" (also referred to as, "exclusive primary jurisdiction" or "exclusive jurisdiction") in which an agency has exclusive jurisdiction of an issue under a statutory scheme with the "doctrine of primary jurisdiction," as asserted by the Union here. *See Kern v. Goebel Fixture Co.*, 765 F.3d 871, 874 (8th Cir. 2014) (internal citations and quotation marks omitted) (addressing exclusive primary jurisdiction in the context of labor law; "[t]here is a long-recognized jurisdictional tension between the jurisdiction granted federal courts in § 301 of the LMRA over suits for violation of CBAs and the jurisdiction granted the NLRB in § 9(b) of the National Labor Relations Act to decide in each case . . . the unit appropriate for the purposes of collective bargaining[.]"). The doctrine of primary jurisdiction, contrary to its name, is not a matter of the Court's subject matter jurisdiction but rather a prudential doctrine under which a court may, under appropriate circumstances, determine that the initial decision-making responsibility should be performed by the relevant agency rather than the courts. *Frisby v. Milbank Mfg. Co.*, 688 F.3d 540, 543 (8th Cir. 2012) (internal quotation marks omitted) (emphasis added) ("Designed to ensure proper relationships between courts and administrative agencies, the doctrine of primary jurisdiction provides that a court, *despite having subject matter*

*jurisdiction*, may not resolve issues which, under a regulatory scheme, have been placed within the special competence of an administrative body."). *See also* 73 C.J.S. Public Administrative Law and Procedure § 114 ("Despite its name, the primary jurisdiction doctrine is not technically a question of jurisdiction or predicated on the absence of subject-matter jurisdiction in the court but instead is a matter of judicial self-restraint."). A motion seeking a stay or dismissal under the primary jurisdiction doctrine may be raised independent of Federal Rule of Civil Procedure 12.

Primary jurisdiction is a common law doctrine used to coordinate judicial and administrative decision making. *George v. Blue Diamond Growers*, No. 4:15-CV-962-CEJ, 2016 WL 1464644, at *1 (E.D. Mo. Apr. 14, 2016) (citing *City of Osceola, Ark. v. Entergy Arkansas, Inc.*, 791 F.3d 904, 908-09 (8th Cir. 2015) (quotation and citation omitted)). Even when jurisdiction is proper in a given case, a court must consider whether an executive agency has primary jurisdiction. *Entergy Arkansas*, 791 F.3d at 908. The doctrine of primary jurisdiction "applies to claims 'properly cognizable in court that contain some issue within the special competence of an administrative agency.'" *Chlorine Inst., Inc. v. Soo Line R.R.*, 792 F.3d 903, 909 (8th Cir. 2015) (quoting *Reiter v. Cooper*, 507 U.S. 258, 268 (1993)). The doctrine allows a court with jurisdiction to refer a case to the appropriate administrative agency for initial decision. *Thornton v. Pinnacle Foods Grp., LLC*, No. 4:16-CV-00158-JAR, 2016 WL 5793193, at *1 (E.D. Mo. Sept. 30, 2016).

There is no "fixed formula" for deciding whether an agency has primary jurisdiction over a case. *Entergy Arkansas*, 791 F.3d at 909. Instead, the applicability of the doctrine depends on whether the reasons for the doctrine are present and whether applying the doctrine will aid the purposes for which the doctrine was created. *Access Telecomms. v. Sw. Bell Tel. Co.*, 137 F.3d

605, 608 (8th Cir. 1998). The Eighth Circuit has stated that courts apply the doctrine for two main reasons. *Id.* First, the doctrine may be applied "to obtain the benefit of an agency's expertise and experience," as "the principle is firmly established that 'in cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created by Congress for regulating the subject matter should not be passed over.'" *Id.* (quoting *Far East Conference v. United States*, 342 U.S. 570, 547 (1954)). "In fact, agency expertise is the most common reason for applying the doctrine." *Id.* Second, courts apply the doctrine "to promote uniformity and consistency with the particular field of regulation." *Id.; see also Entergy Arkansas*, 791 F.3d at 909 ("[C]ourts consider whether 'desirable uniformity' would result from an agency determination and whether 'the expert and specialized knowledge' of the agency is needed") (citations omitted) (quoting *United States v. W. Pac. R. Co.,* 352 U.S. 59, 64 (1956)); *Alpharma, Inc. v. Pennfield Oil Co.,* 411 F.3d 934, 938 (8th Cir. 2005) ("Among the reasons and purposes served are the promotion of consistency and uniformity within the areas of regulation and the use of agency expertise 'in cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion.'")

"When it is determined that primary jurisdiction to resolve an issue lies with an agency, a court otherwise having jurisdiction over the case may stay or dismiss the action pending the agency's resolution of the question." *George*, 2016 WL 1464644, at * 1 (citing *Alpharma*, 411 F.3d at 938). However, the doctrine is to be "invoked sparingly, as it often results in added expense and delay." *Thornton*, 2016 WL 5793193, at *1 (quoting *Alpharma*, 411 F.3d at 938).

In its discretion, the Court finds that a stay pursuant to the doctrine of primary

jurisdiction is warranted in this instance.  As undisputed by the Union, the Court has jurisdiction over the claims under section 301 of the LMRA.  However, Plaintiffs' complaint represents an attempt to circumvent the role of the NLRB by reframing bad faith bargaining and representational issues as primarily contractual disputes.  While none of the Plaintiffs are a party to the charges currently pending before the NLRB, they were raised by an entity with interests closely aligned to Plaintiffs and their resolution will largely be outcome determinative of this action.  The Court will defer to the expertise of the NLRB as the underlying issues rest on a detailed factual analysis already underway before the NLRB.  *George*, 2016 WL 1464644, at *3 (finding a stay pursuant to the primary jurisdiction doctrine warranted in part because the agency had already begun its review).  Initial review by the NLRB will also permit uniformity and consistency in these areas—pattern bargaining and single employers/allies—and avoid duplicate and potentially conflicting outcomes.  Further, the Court finds that the expense to the parties would be minimal as the actions are already pending with the NLRB and, in fact, a stay pending the charges' resolution could minimize the cost of this federal litigation.  *Access Telecomms.*, 137 F.3d at 608.  *See also Ellis v. Tribune Television Co.*, 443 F.3d 71, 90 (2d Cir. 2006) ("[T]he court must also balance the advantages of applying the doctrine against the potential costs resulting from complications and delay in the administrative proceedings.").  Thus, the Court will decline to assume jurisdiction and will stay the action pending resolution of the matters before the NLRB.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant International Brotherhood of Teamsters

Local Union No. 682's Motion to Dismiss or in the Alternative Stay Plaintiffs' Complaint (Doc. 17) is **GRANTED** and this matter is **STAYED** until such time the charges pending before the NLRB are resolved (Case Nos. 14-CB-276126 & 14-CC-276803). The parties shall update the Court with a joint status report every ninety (90) days and notify the Court promptly upon resolution of either matter.

Dated this 21st day of September, 2021.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE